NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE ALBERTO ALAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1485

Agency No.
A029-153-560

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2024**
Pasadena, California

Before: CLIFTON, H.A. THOMAS, and DESAI, Circuit Judges.

Jorge Alberto Alas, a native and citizen of El Salvador, petitions for review

of a Board of Immigration Appeals ("Board") decision denying his application for

asylum. We have jurisdiction under 8 U.S.C. § 1252.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Generally, we review de novo the legal question of whether a particular social group is cognizable. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1199 (9th Cir. 2023). But "[t]he [Board]'s conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence." *Id.* (quoting *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020)). Where, as here, the Board adopts the decision of the IJ, we review the IJ's decision as if it were the Board's. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc).

Mr. Alas argues that he "was targeted because of his status as a business owner." The government correctly argues that this claim is unexhausted. *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023) (holding the exhaustion requirement is a non-jurisdictional claim-processing rule); *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (explaining that a court must enforce a claim-processing rule "if a party properly raises it" (cleaned up)). Moreover, because Mr. Alas does not argue that the proposed social groups raised to the IJ and Board are cognizable, he waives any further review of those groups. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Even if Mr. Alas had properly raised those proposed social groups before this court, substantial evidence nonetheless supports the IJ's determination that Mr. Alas's proposed groups are not socially distinct in Salvadoran society. *Cf.*

*Conde Quevedo*, 947 F.3d at 1243 (holding that substantial evidence supported the determination that the record lacked evidence establishing "people who report the criminal activity of gangs to police" are "perceived or recognized as a group by society in Guatemala").[1]

The petition for review is **DENIED.**

---

[1] Mr. Alas argues that the IJ erred in determining that his testimony was not credible. But even assuming the credibility of his testimony, his failure to exhaust and forfeiture of his proposed social groups prove fatal to his petition.

22-1485